McKiNNey, J.,
delivered the opinion of the court.
We think the court erred in instructing the jury that the plaintiff was estopped from maintaining this action upon the deed from Johnson and wife, by force of the proceedings and decree in the chancery suit exhibited in the record.
It is an obvious principle of justice, that a judgment or decree is binding, in general, only on the parties to the suit, or those in privity with them! And in the application of this principle, it is essential in order to avoid injustice, that its operation be mutual; both the parties must be alike concluded, or the proceedings cannot be set up, as conclusive upon either. In the present case, Mrs. Johnson, in whom the fee simple estate was vested, was not a party to the suit; the validity of the contract, or the efficacy of the conveyance to vest the bargainee, Simpson, with the interest in fee, so far as Mrs. Johnson is concerned, is not questioned in the record of the cause. This matter was not only not in issue, but the record no where discloses the fact, that Mrs. Johnson was a party to the deed, or that the interest in fee, in the land conveyed, was vested in her. In this view, the proceedings and decree, which are extremely irregular, if not invalid, cannot have the legal effect assumed in the charge of the court.
The judgment will therefore be reversed and the case remanded for a new trial.